Felicia LEON, Henry Z. Leon and Jacques Hailpern, as Executors under the Last Will and Testament of Adolf Leon, deceased, Plaintiffs,

v.

Sylla REICHBACH, Defendant.

United States District Court
S. D. New York.

July 11, 1955.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff.

Kreutzer, Heller, Selman, New York City, for defendant, Benjamin Heller, New York City, of counsel.

DIMOCK, District Judge.

The complaint, in one count, seeks to recover $72,000 alleged to have been received by defendant for plaintiffs' testator's account from a bank in Switzerland and, in a second count, alleges that this sum was embezzled by defendant and asks an additional $100,000 punitive and exemplary damages.

This is a motion to dismiss the action for failure to state a claim and for failure to join as indispensable parties the Secretary of the Treasury and the Attorney General. Other claims for relief were abandoned on the argument.

■ Since the motion to dismiss for failure to state a claim depends entirely on statements in affidavits and not contained in the complaint that branch of the motion will be treated as a motion for summary judgment under Rule 56, F.R.C.P.

■ Defendant does not deny receiving the money as agent for plaintiffs' testator but says that the transaction was illegal because of a violation of the Trading with the Enemy Act, 50 U.S.C. App. § 1 et seq. As between agent and principal that is no defense. See Judson v. Buckley, 2 Cir., 130 F.2d 174.

■ The motion to dismiss for failure to join the Government officials can be granted only if they are necessary parties. Defendant does not ask their joinder merely for the purpose of obtaining complete relief under Rule 19(b), F.R.C.P. or to protect him against conflicting demands under Rule 22, F.R.C.P.

Under Rule 19(a), F.R.C.P. the action can be dismissed for failure to join the Attorney General and the Secretary of the Treasury only if they are indispensable parties, that is, only if the relief asked cannot be granted in their absence. No reason is suggested why a completely effective judgment cannot be granted for the executors of the principal against the agent for moneys collected and embezzled and for exemplary damages in the absence of the Government officials. Perhaps the judgment in the hands of plaintiffs would be subject to seizure by the Attorney General or the Secretary of the Treasury but it would nevertheless be an effective determination that defendant owed the amount thereof to plaintiffs.

If the claim is vested in the Government officials under the Trading with the Enemy Act, that issue can be litigated and determined without their presence.

The motion is denied.